**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**JOHN ANDREW GOODRIDGE**
**JARED MICHEL THOMAS**
Evansville, Indiana

ATTORNEY FOR APPELLEE:

**JOHN M. MAYER, JR.**
Clarksville, Indiana



FILED
Nov 28 2012, 10:12 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE PATERNITY OF C.W.R.: | ) |
| | ) |
| C.W., | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | ) No. 31A04-1206-JP-311 |
| | ) |
| F.R., | ) |
| | ) |
| Appellee. | ) |

APPEAL FROM THE HARRISON CIRCUIT COURT
The Honorable Richard G. Striegel, Special Judge
Cause No. 31C01-0502-JP-11

**November 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

C.W.R. was born out-of-wedlock to Mother and Father on January 27, 2003. On November 7, 2007, Father was awarded custody of C.W.R. Since that time Mother has filed numerous motions seeking a change in custody, including the November 17, 2011 motion at issue in this appeal. In this motion, Mother alleged that there had been a substantial change in the circumstances since her last unsuccessful attempt to gain custody of C.W.R. The trial court determined that Mother had failed to present evidence of a substantial change in circumstances that would warrant a change in custody. Mother appealed. Concluding that the trial court acted within its discretion in denying Mother's request for a change in custody, we affirm.

## FACTS AND PROCEDURAL HISTORY

Our opinion in the direct appeal from C.W.'s ("Mother") last unsuccessful request for a change in custody instructs us as to the underlying facts leading to this appeal:

C.W.R. was born out-of-wedlock on January 27, 2003. On February 3, 2005, F.R. (Father) filed a paternity action in the Harrison Circuit Court with respect to C.W.R. An order establishing paternity was entered on February 11, 2005, and Mother and Father were awarded joint custody of C.W.R. Over two years later, on March 19, 2007, Father filed a petition to modify custody. In an order dated November 7, 2007, the trial court awarded primary physical custody of C.W.R. to Father. Mother appealed the custody determination, and this court remanded with instructions for the trial court to enter written findings of fact in support of its decision to award Father primary physical custody of C.W.R. *See In re the Paternity of C.W.R.*, No. 31A01-0712-JV-601. On September 9, 2008, while the appeal was still pending, Mother filed an emergency petition to modify custody. After a continuance of the first hearing, the court held a hearing on Mother's emergency petition on November 24, 2008. Thereafter, on December 8, 2008, the trial court entered an order, complete with findings of fact, in support of its custody determination. Mother did not appeal from the December 8 order.

On August 24, 2009, Mother filed a petition to modify custody. In her petition, Mother raised issues arising since the trial court's award of primary

2

physical custody in November 2007 but before the court's December 8, 2008 order. The trial court held a hearing on Mother's petition on November 30, 2009 and December 16, 2009. After preliminary discussions with the parties, it was agreed that the evidence would be limited to events occurring after the court's December 8, 2008 order. On January 7, 2010, the trial court entered its order denying Mother's petition to modify custody.

*In re Paternity of C.W.R.*, No. 31A01-1002-JP-47 (Ind. Ct. App. October 28, 2010) (footnote omitted). On appeal, this court concluded that the trial court did not abuse its discretion in denying Mother's request for a change of custody.

On November 17, 2011, Mother filed another request for a change in custody. The trial court conducted a hearing on Mother's request on April 17, 2012. During the hearing, Mother sought to introduce a psychological evaluation regarding C.W.R. The trial court took the exhibit under consideration and subsequently admitted it into the record. Finding that Mother failed to present evidence which demonstrated a substantial change in the parties' circumstances, the trial court denied Mother's request for a change of custody. This appeal follows.

## DISCUSSION AND DECISION

The modification of a custody order lies within the sound discretion of the trial court. *Spencer v. Spencer*, 684 N.E.2d 500, 501 (Ind. Ct. App. 1997), *reh'g denied*. "We review custody modifications for abuse of discretion, with a 'preference for granting latitude and deference to our trial judges in family law matters.'" *Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind. 2002) (quoting *In re Marriage of Richardson*, 622 N.E.2d 178, 178 (Ind. 1993)). Our supreme court explained the reason for this deference in *Kirk*:

> While we are not able to say the trial judge could not have found otherwise than he did upon the evidence introduced below, this Court as a court of review has heretofore held by a long line of decisions that we are in a poor position to look at a cold transcript of the record, and conclude that the trial judge, who saw the witnesses, observed their demeanor, and scrutinized

3

their testimony as it came from the witness stand, did not properly understand the significance of the evidence, or that he should have found its preponderance or the inferences therefrom to be different from what he did.

*Id*. (citing *Brickley v. Brickley*, 247 Ind. 201, 204, 210 N.E.2d 850, 852 (1965)). "Therefore, '[o]n appeal it is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by appellant before there is a basis for reversal.'" *Id*. (quoting *Brickley*, 247 Ind. at 204, 210 N.E.2d at 852).

*Bettencourt v. Ford*, 822 N.E.2d 989, 997 (Ind. Ct. App. 2005).

Further, the admission of evidence is within the sound discretion of the trial court, and we will reverse the trial court's determination only for an abuse of that discretion. *Redding v. State*, 844 N.E.2d 1067, 1069 (Ind. Ct. App. 2006). "An abuse of discretion occurs when a decision is clearly against the logic and effect of the facts and circumstances before the trial court." *Id*. "In reviewing the admissibility of evidence, we consider only the evidence in favor of the trial court's ruling and any unrefuted evidence in the appellant's favor." *Id*. "As a rule, errors in the admission or exclusion of evidence are to be disregarded as harmless unless they affect the substantial rights of a party." *Id*. (citing *Coleman v. State*, 694 N.E.2d 269, 277 (Ind. 1998)). "In determining whether an evidentiary ruling affected a party's substantial rights, we assess the probable impact of the evidence on the trier of fact." *Id*.

Initially, we note that Mother does not challenge the trial court's determination that she failed to prove that a substantial change in the circumstances had occurred that would warrant a change in custody. Mother, rather, argues that the trial court abused its discretion in denying her request for a change of custody by delaying the admission of the psychological report into evidence. During the hearing, the trial court delayed its ruling on the

4

psychological report until it could verify its admissibility under the rules of evidence. As a result, Mother claims that she was unable to present certain evidence relating to the report. Mother, however, does not specify what evidence she was allegedly unable to present.

The record indicates that during the hearing, Mother's counsel stated that the only testimony regarding the psychological report with which he was concerned was testimony relating to the results of the psychological testing. Mother, however, has failed to point to any specific relevant evidence that she was unable to present during the hearing as a result of the delay in admitting the psychological report into evidence. The trial court permitted Mother's counsel to ask each of the witnesses questions concerning the test results contained in the psychological report. The trial court also admitted the deposition testimony of two of C.W.R.'s teachers which included references to the psychological report and C.W.R.'s alleged behavioral issues. The trial court also permitted Father to testify about what actions he took after reviewing the results of the psychological report with school personnel.

Furthermore, the record does not support Mother's claim that she was not able to introduce evidence relating to C.W.R.'s mental health or his adjustment to his environment at home or school or in the community. The record contains testimony from each of the witnesses regarding their observations relating to C.W.R.'s adjustment to his environment. The trial court also permitted Mother to testify that she believed that the results of the psychological report indicated that C.W.R. suffered from certain mental health issues and that, if granted custody, she would obtain counseling to assist C.W.R. in dealing with these alleged issues.

In light of Mother's failure to point to any specific relevant evidence that she wished to, but was unable to, present at the hearing, we conclude that Mother was not improperly limited in presenting her case by the trial court's delay in admitting the psychological report. As such, we cannot say that the trial court abused its discretion in delaying its ruling on the admissibility of the psychological report until it verified that its admission was proper under the rules of evidence or that Mother's substantial rights were prejudiced by the delay in admitting the psychological report into evidence. *See Redding*, 844 N.E.2d at 1069.

The judgment of the trial court is affirmed.

ROBB, C.J., and BAKER, J., concur.